APR 26 1974

MEMORANDUM FOR DUDLEY H. CHAPMAN
<u>Associate Counsel to the President</u>

APR 26 1974

Re:  Conditional gifts to the President from anonymous
donors.

Complying with your oral request of April 19, 1974,

transmitted herewith is a memorandum discussing conditional

gifts to the President from anonymous donors.


                              Robert G. Dixon, Jr.
                              Assistant Attorney General
                              Office of Legal Counsel

Re: Conditional Gifts to the President from Anonymous Donors

This memorandum analyzes the legal implications of gifts to the President from anonymous donors. According to a Presidential announcement of April 15, 1974, anonymous contributions in the amount of some $2,500 have recently been sent to the President to help him pay his personal income taxes. 1/ In that announcement the President also indicated that he will return all contributions which can be traced to a donor. In addition, he has asked that anonymous contributions which cannot be returned be turned over to the Red Cross.

The following analysis deals with the legality of turning over the anonymous contributions to the Red Cross and concludes that the President may lawfully do so provided that he waits a reasonable time to permit donors to abandon their anonymity and object to the proposed transfer.

I. Constitutional and Statutory Provisions

There is no relevant constitutional or statutory provision. We assume that none of the constibutions which the President has received came from foreign heads of state or their governments. Under that assumption none of the contributions are subject to Article I, Section 9, Clause 8 of the Constitution, which declares that "no Person holding any Office of Profit under [the United States] shall without the consent of Congress accept any present . . . from any King, Prince, or foreign State".

With regard to gifts to the President from domestic sources, there is no parallel constitutional or statutory provision. The only statute dealing with the acceptance of gifts from domestic sources is 5 U.S.C. 7351, which pertains to gifts to and from federal employees and their superiors. We assume that no such gifts are involved here. In sum, there is no statute currently in force with reference to the President's ownership of gifts received from general domestic sources. Under federal law he can lawfully accept and dispose

1/ See 10 Presidential Documents: Richard Nixon 411-412 (1974).

of them without any constitutional or statutory impediment.

## II. Executive Order 11222

Executive Order 11222 of May 8, 1965 laid down comprehensive guidelines applicable to gifts to executive branch officers and employees from private sources. We assume for present purposes that this Presidential Order also applies to the President himself. The provision of the order relevant here is section 201(e) directing employees to avoid the appearance of misconduct by using public office for private gain. For example, an employee who received an honorarium for making an official speech and donated it to charity, thereafter claiming the amount of the donation as a deduction for income tax purposes, would, in our opinion, be using his public office for private gain. Here, so far as we can tell, the contributions were made to the President because of his occupancy of the Office of President. Accordingly, in order to avoid any question under Executive Order 11222 our advice is against his claiming an income tax deduction or otherwise financially benefiting from the contribution.

## III. The Common Law

We have found no authority dealing specifically with anonymous gifts. Accordingly the common law dealing with gifts from named donors may not be applicable.

The general rule with regard to inter vivos gifts 2/ is that they must be completely executed to be effective. That is, there must be a donative intention, a complete and unconditional delivery and an acceptance by the donee. Furthermore, transfer of title must be absolute and go into immediate effect. 3/ If, for example, the donor did not intend to make a gift, a transfer of title to the donee cannot create one.

---

2/ As distinguished from gifts causa mortis, i.e., made in contemplation of death. See 38 C.J.S., Gifts, §§ 72-121.

3/ 38 Am Jur. 2d, Revocation; Conditional Gifts, § 81, p. 883. See also R. Brown, The Law of Personal Property 84, 141 (2d ed. 1955); Murray v. Gadsden, 197 F.2d 194 (1952); Kropf v. Anacostia Federal Savings and Loan Assn., 170 F. Supp. 495 (1959).

2

By the same token, a donee can refuse to accept a gift. [4] However, if he exercises dominion over the subject of the gift, he is generally held to have accepted it. [5] It appears to us that by turning over the anonymous contributions to the Red Cross the President would be deemed to have exercised dominion over the gifts and accordingly to have accepted them. It is conceivable, however, that the President's public announcement of turning over the contributions to the Red Cross may elicit an objection from a hiterto unidentified donor that his contribution was intended only for payment of income tax liability. We therefore suggest that the President wait some further time before transmitting the gifts to the Red Cross in order to permit a donor to object. Assuming that the objector can establish his identity as an originally anonymous donor, his contribution should be returned to him.

Robert G. Dixon, Jr.
Assistant Attorney General
Office of Legal Counsel

---

[4] Brown at 145. See also 38 C.J.S. at 807, citing In re Casper's Will, 292 N.Y.S. 415, 161 Misc. 461, rev'd on other grounds, 18 N.Y.S. 2d 82, 259 App. Div. 56 (1940).

[5] 38 Am. Jur. at 838.